**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Carlos Arce, Jorge Luis Acuña, Cristian Jarquin, Miguel Acaro, Rafael Ramirez, and Cosme Terrero Santana, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> - vs. - <br><br> Sovereign Industries Group Inc. and John Does #1-10, <br><br> Defendants. | DOCKET NO. 19-CV-489 <br><br> **COMPLAINT** |

Plaintiffs Carlos Arce, Jorge Luis Acuña, Cristian
Jarquin, Miguel Acaro, Rafael Ramirez, and Cosme Terrero
Santana, by and through their undersigned attorneys, for
their complaint against Sovereign Industries Group Inc. and
John Does #1-10, allege as follows, on behalf of themselves
and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs    Carlos    Arce,    Jorge    Luis    Acuña,
Cristian  Jarquin,  Miguel  Acaro,  Rafael  Ramirez,  and  Cosme
Terrero  Santana  allege  on  behalf  of  themselves  and  on
behalf  of  other  similarly  situated  current  and  former
employees  of  defendants  Sovereign  Industries  Group  Inc.  and
John  Does  #1-10,  who  elect  to  opt  into  this  action  pursuant
to  the  Fair  Labor  Standards  Act  ("FLSA"),  29  U.S.C.  §
216(b),  that  they  are  entitled  to:  (i)  unpaid  wages  from
defendants  for  overtime  work  for  which  they  did  not  receive
overtime  premium  pay  as  required  by  law;  and  (ii)
liquidated  damages  pursuant  to  the  FLSA,  29  U.S.C.  §§  201
et  seq.,  because  defendants'  violations  lacked  a  good  faith
basis.

2.    Plaintiffs    further    complain    on    behalf    of
themselves  and  on  behalf  of  a  class  of  other  similarly
situated  current  and  former  employees  of  defendants,
pursuant  to  Fed.  R.  Civ.  P.  23,  that  they  are  entitled  to
(i)  back  wages  for  overtime  work  for  which  defendants
willfully  failed  to  pay  overtime  premium  pay  as  required  by
the  New  York  Labor  Law  §§  650  et  seq.  and  the  supporting
New  York  State  Department  of  Labor  regulations;  (ii)
liquidated  damages  pursuant  to  New  York  Labor  Law  for  these

violations; and (iii) compensation for defendants' violations of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiffs Mr. Arce, Mr. Acuña, Mr. Jarquin (who defendants referred to as Alexander Castellon), and Mr. Acaro are adult individuals residing in Queens, New York.

4.    Plaintiff Mr. Ramirez is an adult individual residing in Freeport, New York.

5.    Plaintiff Mr. Terrero Santana is an adult individual residing in the Bronx, New York.

6.    Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

7.    Upon information and belief, defendant Sovereign Industries Group Inc. is a New York corporation with a principal place of business at 34-30 Collins Place, Flushing, New York.

8.    At relevant times, defendant Sovereign Industries Group Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

9. Upon information and belief, at all relevant times, Sovereign has had gross annual revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, Sovereign has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at all relevant times, defendant Sovereign has constituted an "enterprise" as defined in the FLSA.

12. Defendants John Does #1-10 represent the owners, officers, directors, members, and/or managing agents of defendant Sovereign, whose identities are unknown at this time, who participated in the day-to-day operations of defendant Sovereign, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

13. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States as construction workers at any time since January 22, 2016, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

All persons who are or were employed by defendants in New York as construction workers at any time since January 22, 2013, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

18. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

19. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

20. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

21. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and

plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

22. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

23. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

24. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members are the following:

    a. Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

b. Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

c. Whether defendants failed and/or refused to provide plaintiffs and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

d. Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

e. Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

25. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

26.    The   Collective   Action   Members   are   similarly situated   to   plaintiffs   in   that   they   were   employed   by Sovereign   as   non-exempt   construction   workers   and   laborers, and   were   denied   premium   overtime   pay   for   hours   worked beyond forty hours in a week.

27.    They   are   further   similarly   situated   in   that Sovereign   had   a   policy   and   practice   of   knowingly   and willfully refusing to pay them overtime.

28.    Plaintiffs   and   the   Collective   Action   Members   and Class   Members   perform   or   performed   the   same   or   similar primary   duties,   and   were   subjected   to   the   same   policies   and practices by Sovereign.

29.    The   exact   number   of   such   individuals   is   presently unknown,   but   is   known   by   defendants   and   can   be   ascertained through appropriate discovery.

## FACTS

30.    At   all   relevant   times   herein,   defendants   owned and operated a construction company in Queens.

31.    Plaintiffs   worked   on   construction   projects   in Manhattan and Queens for defendants.

32.    Plaintiffs   were   all   employed   by   defendants   as carpenters   except   for   Mr.   Terrero   Santana,   who   was   employed as a laborer.

33.  Plaintiffs were all employed in the years 2017 to 2018, as follows:

    a.  Mr. Arce was employed at Sovereign from approximately August 2017 through July 2018;

    b.  Mr. Acuña was employed at Sovereign from approximately August 2017 through August 2018;

    c.  Mr. Jarquin was employed at Sovereign from approximately September 2017 through October 2018;

    d.  Mr. Acaro was employed at Sovereign from approximately August 2017 through August 2018;

    e.  Mr. Ramirez was employed at Sovereign from approximately September 2017 through July 2018; and

    f.  Mr. Terrero Santana was employed at Sovereign from approximately July 2017 through September 2018.

34.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

35.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of

goods for commerce, as defined in the FLSA and its implementing regulations.

36. Plaintiffs all worked six days per week — Monday through Saturday — until roughly mid-December 2017; at that point, all except for Mr. Terrero Santana ceased working on Saturdays. Mr. Terrero Santana continued to work Saturdays roughly three times per month.

37. Before mid-December 2017, plaintiffs regularly worked 10½ hours per day on weekdays and 8 hours per day on Saturdays. As a result, they were working roughly 60½ hours per week.

38. Commencing in mid-December 2017, all plaintiffs began working roughly 10 hours per day on weekdays; Mr. Terrero Santana continued to work 8 hours per day most Saturdays.

39. As a result, all plaintiffs except Mr. Terrero Santana were working 50 hours per week; Mr. Terrero Santana was working 58 hours per week most weeks.

40. Plaintiffs were paid on an hourly basis during their employment with defendants, at the following rates:

    a. Mr. Arce was paid $30 per hour;

    b. Mr. Acuña was paid $32 per hour;

      c.  Mr. Jarquin started at $27 per hour, but after roughly six months received a raise to $28 per hour;

      d.  Mr. Acaro started at $26 per hour, but after roughly six months received a raise to $28 per hour;

      e.  Mr. Ramirez was paid $28 per hour; and

      f.  Mr. Terrero Santana started at $24 per hour, but after two weeks was given a raise to $30 per hour.

41. Plaintiffs were paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked.

42. As a result, Sovereign failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

44. Several plaintiffs expressly inquired about being paid overtime, and were expressly told by their supervisors that Sovereign did not pay overtime.

45.  Plaintiffs were paid weekly in cash.

46.  Plaintiffs were never provided with paystubs or wage statements that accurately provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

47. Defendants' failure to provide plaintiffs with weekly records of their compensation and hours worked was a violation of the Wage Theft Prevention Act.

48. Defendants failed to provide plaintiffs with written notices in their native language of Spanish providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed – and failed to obtain plaintiffs' signature acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

49. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Class and Collective Action Members) in positions at defendants' construction company that required little skill, no capital investment,

and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Sovereign has likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

51. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

52. Upon information and belief, while defendants employed plaintiffs and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

53. Upon information and belief, while defendants employed plaintiffs and through all relevant time periods, defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

54.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55.  At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

56.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

57.  As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

59. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

60. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them full overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

63.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64.  Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

65.  Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66.  At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67.  Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

68. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

69. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

70. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the members of the collective and class actions, respectfully request that this Court grant the following relief:

a.  Certification of this action as a class action
    pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on
    behalf of members of the Class and appointing
    plaintiffs and their counsel to represent the
    Class;

b.  Designation of this action as a collective
    action on behalf of the Collective Action
    Members and prompt issuance of notice pursuant
    to 29 U.S.C. § 216(b) to all similarly situated
    members of an FLSA Opt-In Class, apprising them
    of the pendency of this action, permitting them
    to assert timely FLSA claims in this action by
    filing individual Consents to Sue pursuant to 29
    U.S.C. § 216(b), and appointing plaintiffs and
    their counsel to represent the Collective Action
    members;

c.  A declaratory judgment that the practices
    complained of herein are unlawful under the FLSA
    and the New York Labor Law;

d.  An injunction against defendants and their
    officers, agents, successors, employees,
    representatives, and any and all persons acting
    in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for defendants' New York Labor Law violations;

h.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.

Dated:   January 22, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
Individually and on behalf of
others similarly situated

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sovereign Industries and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sovereign Industries y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

*Carlos Arce*
Carlos Arce


Date:  January 21, 2019

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sovereign Industries and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sovereign Industries y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

Jorge Luis Acuña

Date: January 21, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sovereign Industries and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sovereign Industries y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


_____
Cristian Jarquin


Date: January 21, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sovereign Industries and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sovereign Industries y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Miguel Acaro


Date:  January 21, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sovereign Industries and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sovereign Industries y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Rafael Ramirez

Date: January 21, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sovereign Industries and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sovereign Industries y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Cosme Terrero Santana


Date:  January 21, 2019