# SAMUEL & STEIN

ATTORNEYS AT LAW

1441 BROADWAY, SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563 - 9884 | FAX: (212) 563 - 9870 | WEBSITE: www.samuelandstein.com

| | | |
|---|---|---|
| **DAVID STEIN**<br>dstein@samuelandstein.com | August 16, 2024 | ADMITTED IN<br>NY, NJ |

**VIA ECF**

Hon. Nicholas G. Garaufis, U.SD.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>    Re:    <u>**Carlos Arce, et al. v. Sovereign Industries Group Inc.**</u>
>           *Docket No. 19-cv-489 (NGG) (JRC)*

Dear Judge Garaufis:

We represent named and opt-in plaintiffs in the above-referenced matter, and we submit this letter in response to the Court's Order, and in response to defendants' pre-motion letter. As an initial matter, we recognize that this letter is late; Your Honor ordered that it be submitted a week before the scheduled conference on this case, but because we had discussed with defendants several possible dates for the conference — including next Friday — we miscalendared the due date as today.

With respect to defendants' pre-motion letter, defendants first argue that summary judgment should have been granted based on their motion papers, and then request that they be permitted to make a motion to dismiss based on the opt-in plaintiffs' failure to respond to defendants' requests for admission. The first argument is essentially a request for the Court to reconsider its thoroughly considered decision on summary judgment — but without raising any new legal or factual basis for such reconsideration. Defendants' disagreement with the Court's interpretation of the facts or its application of the summary judgment standard are not grounds for reconsideration. With respect to defendants' second request — that they be permitted to make a motion to dismiss based upon the requests for admission — plaintiffs first contend that this would be a motion for summary judgment, not a motion to dismiss, since it considers matters outside the pleadings. Setting aside that formality, plaintiffs recognize that the Court essentially invited defendants to make such a motion in its summary judgment ruling, and therefore do not oppose defendants' right to do so. Plaintiffs do not believe that the requests for admission are conclusive on the key issue — whether defendants were plaintiffs' (joint) employers — however.

In the event the Court disagrees with defendants' arguments, defendants request that the Court certify this matter for interlocutory appeal to the Second Circuit pursuant to 28 U.S.C.

§ 1292(b). But defendants just perfunctorily cite the standard — that there is a "controlling legal questions as to which there is substantial ground for a difference of opinion" — without citing anything to suggest that this case presents any unique issues for which the appellate court needs to weigh in at this time, before the case is over. Defendants simply disagree with the Court's rulings — but that is true of every denial of a motion for summary judgment. In any case, however, before the issue of the admissibility and effects of the requests for admission is resolved, any such appeal would be premature.

With respect to sanctions, which the Court *sua sponte* raised and which defendants endorsed, we realize that our failure to respond to defendants' motions, despite the Court's granting an extension of time for us to do so, was inexcusable. We certainly did not intend to flout any orders of the Court — we had every intention of responding to the motion on behalf of plaintiffs. After all, in addition to out-of-pocket expenses, we have invested hundreds of hours in this case, on a contingency basis; our only hope of recompense is to successfully prosecute this case to conclusion. We recognize that our explanation for our failure: the fact that our office was swamped with work at the time, and the difficulty in communicating with roughly 30 non-English speaking plaintiffs — rings utterly hollow. In particular, we understand that we should have communicated with the Court immediately upon realizing that we would not be able to meet even the Court's extended deadline, and that our failure to do so caused unnecessary work for Your Honor. At this juncture, however, we cannot offer anything beyond our apologies to the Court (as well as to defendants' counsel), and our reiteration that we did not intend to defy Your Honor's scheduling orders.

However, defendants' separate contention that a failure to respond to requests for admissions is sanctionable is unsupportable. Fed. R. Civ. P. 36(a)(3) specifies the penalty, if any, for failure to respond to such requests: they are deemed admitted unless the Court excuses the admission pursuant to Rule 36(b). Defendants seek, in essence, to "double recover" for the admissions — to gain the benefit of plaintiffs' admissions <u>and</u> to receive a financial windfall from those admissions. But in addition to the lack of authority for such a reward, defendants cannot explain how they were prejudiced by plaintiffs' failure to respond to those requests. The worst case from defendants' perspective — if the Court does not grant them summary judgment based on those admissions — is that they are in no worse a position than they would've been in plaintiffs had responded and denied those requests.

We thank the Court for its attention to this matter and are available at Your Honor's convenience should the Court have any questions regarding the foregoing.

Respectfully submitted,

David Stein

Cc: Kevin Yam, Esq. and all counsel of record (via ECF)